Argued and submitted January 31, reversed and remanded May 25, 1983

SNYDER,
*Appellant,*
*v.*
HOLIDAY LIFE INSURANCE COMPANY,
*Respondent.*

(81-579-2; CA A24964)

663 P2d 800

Douglas V. Osborne, Klamath Falls, argued the cause and filed the brief for appellant.

Robert F. L. Trotman, Klamath Falls, argued the cause for respondent. With him on the brief was Giacomini, Jones & Associates, Klamath Falls.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

This is an action on a life insurance policy issued by defendant to plaintiff's decedent. Plaintiff appeals from a summary judgment entered in favor of defendant. We take the relevant facts from the affidavits and exhibits in support of and in opposition to the motion, and reverse.

On August 9, 1977, decedent purchased a $20,000 trip insurance policy on his own life with a two-day term. On August 11, he received injuries which resulted in his death. The policy as it existed in defendant's files showed that decedent had designated no beneficiary. Under the terms of the policy, in the absence of a designation of a specific beneficiary, the estate was beneficiary.

Shortly after decedent's death, one of his seven children, Shirley Qualls, wrote to defendant, notifying it of decedent's death and requesting to make a claim under the policy "* * * on behalf of myself, five sisters and one brother." She was advised by defendant that she must complete an accidental death claim form, which defendant provided to her, and return the form to defendant with a death certificate and a copy of the face of the policy.

When the requested information was received by defendant, the face of the policy showed Shirley Qualls as the sole beneficiary. Defendant "* * * assumed her name had been written on the original by [decedent] after purchasing the policy." Defendant then paid the face amount of the policy to Ms. Qualls. Decedent's estate then filed this proceeding, contending that the payment defendant made to Ms. Qualls was in violation of the beneficiary designation.

The policy, insofar as it is relevant to the issue before us, provided:

"**Change of Beneficiary; Assignment:** The right to change of beneficiary is reserved to the insured and the consent of the beneficiary or beneficiaries shall not be requisite to surrender or assignment of this Policy or to any change of beneficiary or beneficiaries, or to any other changes in this Policy. No change of beneficiary or assignment of interest under this Policy shall be binding upon the Company unless and until the original or a duplicate thereof is filed at the Executive Office of

the Company, which does not assume any responsibility for the validity thereof.

"* * * * *

"**Conformity With State Statutes:** Any provision of this Policy which, on its effective date, is in conflict with the statutes of the state in which the insured resides on such date is hereby amended to conform to the minimum requirements of such statutes."

It is defendant's contention that it was entitled, as a matter of law, to rely on the designation of beneficiary provided on the form sent to the company by Ms. Qualls. In so doing, it relies on the quoted provisions of the policy and ORS 743.084, which provides:

"Whenever the proceeds of or payments under a life or health insurance policy become payable in accordance with the terms of such policy, or the exercise of any right or privilege under such policy, and the insurer makes payment in accordance with the terms of the policy or in accordance with any written assignment of the policy, the person so designated as being entitled to the proceeds or payments shall be entitled to receive them and to give full acquittance therefor, and such payments shall fully discharge the insurer from all claims under the policy *unless, before payment is made, the insurer has received at its home office written notice by or on behalf of some other person that such other person claims to be entitled to such proceeds or payments or some interest in the policy.*" (Emphasis supplied.)

Plaintiff argues that the estate was the beneficiary and that the purported change of beneficiary to Qualls was invalid.

We perceive two difficulties with defendant's position. First, there is no evidence that decedent executed a change of beneficiary. Under ORS 743.087, when the right to change beneficiary is reserved solely to the insured, any change must be "executed" by the insured. That statutory requirement is applicable to this policy. The form defendant received from Qualls was not signed by decedent. Second, it is beyond question that Ms. Qualls' own letter to defendant raised a material issue of fact as to whether defendant had

notice, prior to payment, that persons other than Qualls had claims to the proceeds of the policy.

It was error to grant defendant's motion for summary judgment.

Reversed and remanded.